# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-1048

———————————————

United States of America

*Plaintiff - Appellee*

v.

Bobby Khabeer

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: July 26, 2013
Filed: August 5, 2013
[Unpublished]

——————————

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

——————————

PER CURIAM.

After Bobby Khabeer pleaded guilty to a drug-conspiracy charge, the district court[1] concluded that he was a career offender within the meaning of U.S.S.G.

———————————————

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

§ 4B1.1 and sentenced him to 188 months in prison and four years of supervised release. Khabeer appeals. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and seeks leave to withdraw. In the Anders brief, counsel argues that the district court improperly considered two of Khabeer's prior drug-trafficking convictions as separate convictions for purposes of determining that he was a career offender. See U.S.S.G. § 4B1.1(a) (describing requirements for career-offender status, including that defendant had at least two prior convictions of crime of violence or controlled-substance offense).

Although Khabeer received concurrent sentences on the same day for both of the prior convictions, he was arrested for the offense conduct underlying the first conviction before he engaged in the offense conduct underlying the second conviction. The court was therefore required to consider the convictions as separate. See U.S.S.G. § 4A1.2(a)(2); United States v. Lublin, 981 F.2d 367, 371 (8th Cir. 1992) (standard of review).[2]

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

------------------------------------------------

[2]Counsel also raises as possible issues whether Khabeer was competent to proceed, whether he was afforded his rights to allocution and counsel, and whether his bottom-of-the-Guidelines-range sentence fell within the Guidelines range and statutory limits. The record before us demonstrates that each of these arguments is unavailing, and we reject them without further discussion.